# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CRIMINAL ACTION** |
| **v.** | ) | |
| | ) | **No. 06-20047-01-CM** |
| | ) | |
| **JOHNNIE K. WILLIAMS, III,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM AND ORDER

Count I of a Third Superseding Indictment charged defendant Johnnie K. Williams, III, with conspiracy to manufacture, to possess with intent to distribute and to distribute fifty grams or more of a mixture and substance containing a detectable amount of cocaine base, "crack," a controlled substance, within 1,000 feet of a public elementary school.  (Doc. 294.)  On December 16, 2008, a jury convicted defendant of sixteen of the eighteen counts against him in the Third Superseding Indictment, including Count I.  (Doc. 399.)  In answer to two special questions, the jury also found beyond a reasonable doubt that defendant conspired to manufacture or distribute cocaine base, "crack," within 1,000 feet of a public elementary school, and that the overall scope of the conspiracy was to manufacture or distribute an amount of fifty or more grams.   The matter is now before the court on Defendant's Motion for a New Trial (Doc. 405), in which he seeks a new trial as to Count I.

**Legal Standard**

In considering a motion for new trial, the court has broad discretion, which will not be disturbed on appeal absent plain abuse of that discretion.  *United States v. Troutman*, 814 F.2d 1428, 1455 (10th Cir. 1987).  The standards for granting a new trial are not as strict as the standards for

granting judgment of acquittal.  Federal Rule of Criminal Procedure 33 provides that a court may

grant a new trial "if the interest of justice so requires."  Additionally, any error that would require

reversal on appeal is a sufficient basis for granting a new trial.  *United States v. Walters*, 89 F. Supp.

2d 1206, 1213 (D. Kan. 2000) (quotation and citation omitted).  But courts disfavor new trials,

*United States v. Gleeson*, 411 F.2d 1091, 1093 (10th Cir. 1969), and exercise great caution in

granting them, *United States v. Sinclair*, 109 F.3d 1527, 1531 (10th Cir. 1997).  The burden of

proving that a new trial is warranted rests on the defendant.  *Walters*, 89 F. Supp. 2d at 1213

(citations omitted).

Defendant argues that coercive linking of the language in the instructions to the language of

the special questions necessitates a new trial.

**The Instructions**

Instruction No. 15, reciting the entire Third Superseding Indictment, informs the jury that

Count I charged that defendant:

> knowingly and intentionally combined, conspired, confederated and agreed together
> and with each other, and with Michael L. Beal, Amanda Webb, Valerie N. Abarca,
> and other persons known and unknown to the Grand Jury, to commit the following
> offenses against the United States: to manufacture, to possess with intent to distribute
> and to distribute fifty grams or more of a mixture and substance containing a
> detectable amount of cocaine base, 'crack,' a controlled substance, within 1,000 feet
> of the real property comprising Schwegler Elementary School, a public elementary
> school,  in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(iii)
> and 860(a).  This was all in violation of Title 21 United States Code, Section 846.

Instruction No. 21 describes the charge, and sets out the essential elements of the offense of

conspiracy:

> "The defendants **Johnnie K. Williams, III, Terry J. McIntyre, Jr., and Zachary
> L.K. Williams**, are charged in **Count 1** with a violation of 21 U.S.C. Section 846.
> This law makes it a crime for anyone to conspire with someone else to violate federal
> laws pertaining to controlled substances.  In this case, the defendants are charged

with conspiracy to manufacture, to possess with intent to distribute and to distribute fifty grams or more of a mixture and substance containing a detectable amount of cocaine base, "crack," within 1,000 feet of the real property comprising Schwegler Elementary School.

To find the defendants guilty of this crime you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*:  That beginning on or about July 1, 2003, and continuing to on or about April 1, 2006, both dates being approximate and inclusive, two or more persons reached an agreement:

a.  To manufacture cocaine base ("crack cocaine"), a controlled substance; or,

b.  To possess with intent to distribute cocaine base ("crack cocaine"), a controlled substance; or

c.  To distribute cocaine base ("crack cocaine"), a controlled substance;

*Second*:  Each defendant knew the essential objective of the conspiracy;

*Third*:  Each defendant knowingly and voluntarily involved himself in the conspiracy;

*Fourth*:  There was interdependence among the members of the conspiracy; that is, the members, in some way or manner, intended to act together for their shared mutual benefit within the scope of the conspiracy charged; and,

*Fifth*:  The overall scope of the conspiracy involved the manufacture, possession with intent to distribute or the distribution of a mixture and substance containing a detectable amount of cocaine base ("crack cocaine"), a controlled substance.

Following the verdict form for each defendant, two special questions were included:

### SPECIAL QUESTION NO. 1:

If you have found the defendant guilty on Count 1, do you unanimously find that the government has proved, beyond a reasonable doubt, that the defendant conspired to manufacture, to possess with intent to distribute and to distribute a mixture and substance containing a detectable amount of cocaine base, "crack," a controlled substance, within 1,000 feet of the real property comprising Schwegler Elementary School, a public elementary school?

YES _____

NO _____

### SPECIAL QUESTION NO. 2:

If you have found the defendant guilty on Count 1, do you unanimously find that the government has proved, beyond a reasonable doubt, that the overall scope of the conspiracy was to manufacture, to possess with intent to distribute or to distribute the following quantity of a mixture and substance containing a detectable amount of cocaine base, "crack"?

_____A detectable amount, but less than 5 grams

_____5 grams or more, but less than 50 grams

_____50 grams or more

**Discussion**

-3-

Defendant did not raise this or any objection to the instructions as given. Therefore this court reviews the instructions for plain or clear error. *See* Fed. R. Crim. P. 30; *United States v. Willis*, 476 F.3d 1121, 1127 (10th Cir. 2007). An error is clear if it "affect[s] substantial rights," meaning usually "that the error must have been prejudicial." *United States v. Olano*, 507 U.S. 725, 732–35 (1993); *United States v. Marshall*, 307 F.3d 1267, 1270 (10th Cir. 2002); *see also United States v. Robertson*, 473 F.3d 1289, 1291 (10th Cir. 2007) ("Plain error exists only where (1) there was error, (2) that is plain, (3) that affects substantial rights, and (4) that seriously affects the fairness, integrity or public reputation of judicial proceedings.").

Although it describes the crime as charged, this instruction mimics word-for-word the Tenth Circuit pattern instruction on conspiracy. *See* Pattern Crim. Jury Instr. 10th Cir. 2.87 (2006). Defendant cites no authority for his position that this instruction, individually or in conjunction with the instructions as a whole, is erroneous. The court finds that, taken as a whole, the instructions did not mislead the jury as to the elements of the crime, nor were they impermissibly suggestive. The jury was instructed that the indictment was merely an allegation, nothing more. *See* Instruction No. 17. The jury was instructed on the government's burden to prove every element of the crime, beyond a reasonable doubt. *See* Instruction No. 43. The jury was instructed on the law relating to the offense of conspiracy. *See* Instruction Nos. 21, 22, 23. The instructions set out the essential elements of this offense. Drug quantity and proximity to a school were not included as elements of the offense. *See* Instruction No. 21. The jury was given an opportunity to make findings related to quantity and proximity in answer to special questions on the verdict form. The court finds that the instructions fairly and accurately state the governing law, and provide the jury with an accurate understanding of the relevant legal standards and factual issues in the case. *See United States v. Bedford*, 536 F.3d 1148, 1152 (10th Cir. 2008). The court does not agree with defendant that the

jury was coerced into choosing, in answer to the special questions, answers consistent with the allegations contained in the Third Superseding Indictment.

Finally, even if there was error in the instructions, the court finds that it was harmless. Defendant fails to convince this court that plain error in the instructions affected his substantial rights or seriously undermined the fairness of the proceedings. *Robertson*, 473 F.3d at 1291. The evidence presented at trial against defendant Johnnie Williams supported the jury's finding that defendant was guilty of participating in a conspiracy as defined in 21 U.S.C. §841(a)(i), (b)(i)(B)(iii), and §846, and was also sufficient to support the jury's findings regarding the special questions.

**IT IS THEREFORE ORDERED** that Defendant's Motion for a New Trial (Doc. 405) is denied.

Dated this <u>12th</u> day of March, 2009, at Kansas City, Kansas.

<u>s/ Carlos Murguia</u>
**CARLOS MURGUIA**
**United States District Judge**