**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**JOHNNIE K. WILLIAMS, III.**<br><br>**Defendant.** | ) | **Case Nos. 06-20047-01-CM (Criminal)**<br>**12-2054-CM (Civil)** |

**MEMORANDUM AND ORDER**

Presently before the court is an amended motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (Doc. 551) filed pro se by defendant Johnnie K. Williams, III. A jury found defendant guilty on Counts 1, 4, 5, 8–11, 17, 20–23, and 25–28 of the Third Superseding Indictment, charging defendant with violations of conspiracy to manufacture, possess, and distribute crack cocaine within 1,000 feet of a public elementary school, and also possessing a firearm during a drug trafficking crime having been previously convicted of a felony offense. On June 16, 2009, this court sentenced defendant to life imprisonment. The Tenth Circuit affirmed defendant's conviction on October 29, 2010, and issued a mandate on November 23, 2010. Defendant did not file a writ of certiorari.

**I.** General § 2255 Standards

A defendant is entitled to relief under 28 U.S.C. § 2255 "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional

rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. "The standard of review of Section 2255 petitions is quite stringent," and "[t]he court presumes that the proceedings . . . were correct." *United States v. Illescas*, No. 04-20120-JWL, 05-3411-JWL, 2006 WL 1517760, at *1 (D. Kan. May 26, 2006) (quoting *United States v. Nelson*, 177 F. Supp. 2d 1181, 1187 (D. Kan. 2001) (citations omitted)). "To prevail, [the] defendant must show a defect in the proceedings which resulted in a complete miscarriage of justice." *Id.* (quotation and quotation marks omitted).

**II.** Ineffective Assistance of Counsel

Both of defendant's stated grounds for habeas relief are ineffective assistance of counsel claims. First, defendant claims that his counsel failed to advise defendant that he could enter an open plea and failed to advise defendant of the consequences of his failure to accept the government's plea offer. Second, defendant claims that counsel failed to argue that the Fair Sentencing Act should apply to reduce defendant's sentence.

**A. Legal Standard**

In analyzing a habeas petitioner's claim for ineffective assistance of counsel, the court applies the general standard set out by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Romano v. Gibson*, 278 F.3d 1145, 1151 (10th Cir. 2002) (applying *Strickland*). Under *Strickland*, a petitioner must meet a two-prong test. First, he must demonstrate that his attorney's performance was deficient and "fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88. The court gives considerable deference to an attorney's strategic decisions and strongly presumes that the attorney has provided adequate assistance and made all significant decisions using reasonable professional judgment. *Id.* at 690. Second, a habeas petitioner must show that he was prejudiced by trial counsel's deficient performance, which requires that "there is a reasonable

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Further, in deciding an ineffective assistance of counsel claim, the court is not required to address both prongs of the test if one prong is not met. *Id*. at 697.

**B. Defendant's Claims**

**1. Failure to Advise Defendant About Government's Plea Offer and Consequences of Rejecting the Offer**

Defendant's first claim is that his attorney did not advise him that rejection of the government's plea offer would result in the government filing an enhancement under 21 U.S.C. § 851 that would subject defendant to a mandatory life sentence if convicted. The government attached an affidavit from defendant's attorney, Scott C. Gyllenborg. In the affidavit, Mr. Gyllenborg stated that he met with defendant and they discussed the plea offer. He stated that defendant "rejected the plea offer **with an understanding** that if the government filed an 851 information, he would be subject to a mandatory sentence of life imprisonment if convicted at trial . . . ." (Doc. 554-1 at 2 (emphasis added).) Mr. Gyllenborg also stated that the government offered to withhold the filing of the § 851 information if defendant agreed to a sentence of twenty years, "**but only if co-defendants Terry McIntyre and Zachary Williams agreed to sentences of 10 years and 5 years, respectively**." (*Id*. at 1 (emphasis added).) The affidavit states that Mr. Gyllenborg discussed the plea offer with government counsel, who stated that "**counsel for co-defendants McIntyre and Zachary Williams reported to her that their clients also rejected the plea offer**." (*Id*. at 2 (emphasis added).)

Defendant's reply again states that he was not aware of the fact that the government would file the § 851 enhancement—subjecting defendant to a life sentence—if he rejected the plea offer. Defendant strongly denies Mr. Gyllenborg's statement that defendant had any "understanding" regarding the consequences of his rejection of the government's plea offer.

Although defendant disputes whether he denied the government's plea offer with an understanding of the consequences, he has not specifically disputed that the government's offer to withhold the § 851 information was contingent on acceptance of the plea offer by both codefendants McIntyre and Zachary Williams. The government's response and Mr. Gyllenborg's affidavit both state that the plea offer was contingent on a guilty plea from all three defendants and that codefendants McIntyre and Zachary Williams in fact rejected the government's plea offer. Thus, even if defendant had accepted the government's plea offer, the end result would have been the same—the government would have filed the § 851 information, subjecting defendant to a life sentence.

To prove his ineffective assistance of counsel claim on this issue, defendant must show that he was prejudiced by trial counsel's deficient performance, which requires that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Here, even if defendant's counsel did fail to inform defendant that his rejection of the government's plea would result in the filing of an § 851 information and subject defendant to a life sentence, the result of the proceeding would not have been different. The government's offer was contingent on all three codefendants' acceptance of the plea offer. Because both McIntyre and Zachary Williams rejected the plea offer, defendant's acceptance was inconsequential. Defendant has failed to show he suffered prejudice and his claim on this issue is denied.

Defendant also makes a vague and unsupported argument about his attorney's failure to advise him of the option to enter an open plea in lieu of a plea agreement. Generally, an open plea is a guilty plea made without the benefit of a plea agreement with the government. *See United States v. Garcia*, Nos. 09-40031-02-SAC, 11-4005-SAC, 2011 WL 4688850, at *5 n.4 (D. Kan. Oct. 6, 2011) (citations omitted). Defendant's motion does not describe any other plea offer, and his reply focuses solely on

his claim that he would have accepted the government's plea offer if he was aware that failure to do so would result in the filing of the § 851 enhancement. To the extent that defendant is referring to the plea offer detailed above, this argument fails for the same reasons. Moreover, there is no evidence that the government would not have filed an § 851 information if defendant had entered an open plea, so defendant has not shown any prejudice. Therefore, this argument provides no basis for relief.

**2. Failure to Argue Retroactive Application of the Fair Sentencing Act**

Defendant claims that the Fair Sentencing Act of 2010 ("FSA") should apply retroactively to reduce his sentence. The FSA was signed into law on August 3, 2010. *See* Pub. L. No. 111–220, 124 Stat. 2372. The FSA "amended various United States Code provisions with respect to crack cocaine violations, raising the quantities of cocaine base required to trigger various statutory mandatory minimum sentences from a 100:1 to an 18:1 'crack-to-powder' ratio." *United States v. Lasley*, Nos. 08-20082, 09-3336, 2011 WL 3611393, at *2 (D. Kan. Aug. 16, 2011).

Under the "general savings statute," 1 U.S.C. § 109, a court must "apply the penalties in place at the time the crime was committed, unless the new enactment expressly provides for its own retroactive application." *United States v. Reed*, 410 F. App'x 107, 111 (10th Cir. 2010) (quotation and quotation marks omitted). The FSA does not provide for retroactive application. *Id*. "It has been clearly established that the FSA is not retroactive with respect to offenders who were already sentenced prior to its enactment." *United States v. Beach*, No. 09-10132-11, 14-EFM, 2011 WL 977766, at *2 (D. Kan. Mar. 17, 2011). Defendant was sentenced on June 16, 2009, prior to the enactment of the FSA on August 3, 2010. Thus, the FSA provides defendant no basis for relief. *See Lasley*, 2011 WL 3611393, at *2 (finding that offender sentenced prior to enactment of FSA had no relief under the Act); *see also United States v. White*, No. 08-20120-CM, 2012 WL 1080591, at *1 (D.

Kan. Mar. 29, 2012) (same). Although *Lasley* and *White* both dealt with motions requesting a sentence reduction pursuant to 18 U.S.C. § 3582, the same rationale applies to a motion filed under § 2255.

Defendant also claims that he is entitled to relief on this claim because the FSA was signed into law before his appeal was decided and thus would apply to defendant. The court finds no authority supporting this proposition. Instead, numerous appellate courts have determined that the FSA does not apply retroactively to an individual who was sentenced prior to August 3, 2010, but whose appeal was not yet final. *See e.g.*, *United States v. Wright*, 412 F. App'x 922, 922–23 (8th Cir. 2011); *United States v. Greer*, 415 F. App'x 673, 676–77 (6th Cir. 2011). Defendant's claim on this issue is denied.

**III. Evidentiary Hearing**

Defendant requests an evidentiary hearing regarding his claim that his attorney did not inform him of the consequences of his failure to accept the government's plea offer. As described above, defendant claims that his attorney failed to inform him of the consequences of his failure to accept the government's plea offer. Defendant's attorney denies this assertion and states that he informed defendant that his rejection of the government's plea offer would result in the filing of an § 851 information, subjecting defendant to a life sentence. Defendant claims that an evidentiary hearing is necessary because his counsel states one thing, and defendant states another. Defendant argues that the discussions between defendant and his counsel took place outside the courtroom and are not part of the record in this case.

A court must hold an evidentiary hearing on a § 2255 motion "[u]nless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995) (internal quotation marks omitted) (quoting 28 U.S.C. § 2255). "When disputed material facts are put in issue by affidavits, an evidentiary hearing is

necessary to resolve them." *United States v. Ailsworth*, 206 F. Supp. 2d 1148, 1151 (D. Kan. June 21, 2001) (citing *Machibroda v. United States*, 368 U.S. 487, 494–95 (1962)) (other citations omitted).

Although defendant raises a claim that occurred outside the courtroom and upon which the record itself casts no real light, § 2255 "does not strip the district courts of all discretion to exercise their common sense" and "the statute itself recognizes that there are times when allegations of facts outside the record can be fully investigated without requiring the personal presence of the prisoner." *Machibroda*, 368 U.S. at 495. The court believes defendant's claim is one that can be addressed without an evidentiary hearing.

As stated above, defendant has not specifically disputed the fact that the government's offer to withhold the § 851 information was contingent on acceptance of the plea offer from defendant and both codefendants McIntyre and Zachary Williams. Even if defendant had accepted the government's plea offer, the end result would have been the same. Therefore, even if the court were to hold an evidentiary hearing on the issue of whether defense counsel advised defendant of the consequences of his rejection of the plea offer, defendant would not be entitled to relief because the option was no longer available. Defendant's request for an evidentiary hearing is denied.

**IV. Certification of Appealability**

The court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a defendant must show that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks and citation omitted). The court is not convinced that its conclusions are debatable among reasonable jurists or that the issues presented merit further proceedings. For the reasons stated above, the court finds that

defendant has not made a substantial showing of the denial of a constitutional right. The court declines to issue a certificate of appealability in accordance with Rule 11 as amended December 1, 2009.

**IT IS THEREFORE ORDERED** that defendant's Amended Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 551) is denied.

**IT IS FURTHER ORDERED** that the court will not issue a certificate of appealability.

Dated this 14th day of December, 2012, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**