## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.

JOHNNIE K. WILLIAMS III,

        Defendant.

Case No. 06-20047-01-DDC

## MEMORANDUM AND ORDER

This matter comes before the court on pro se[1] prisoner Johnnie Williams's Motion for Ineffective Assistance of Counsel (Doc. 695), Motion for Appointment of Counsel (Doc. 697), and Motion for Compassionate Release (Doc. 701). The government filed a Response to the Motions for Ineffective Assistance of Counsel and for Appointment of Counsel (Doc. 700). The government also filed a Response to the Motion for Compassionate Release (Doc. 704), and Mr. Williams filed a Reply (Doc. 706). For reasons explained below, the court lacks subject matter jurisdiction to consider Mr. Williams's Motion for Compassionate Release. The court thus dismisses his motion without prejudice.

The court also recognizes that Mr. Williams may not assert constitutionally ineffective assistance of counsel in his current post-conviction claims because he has no constitutional right to appointed counsel in a post-conviction proceeding. So, the court dismisses his Motion for Ineffective Assistance of Counsel as well. Also, the court denies as moot Mr. Williams's Motion

---

[1] Because Mr. Williams proceeds pro se, the court construes his filings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for a pro se litigant. *Id.*

for Appointment of Counsel because the court already has appointed Mr. Williams substitute counsel (Doc. 707).

## I.      Factual Background

On December 16, 2008, a jury found Mr. Williams guilty of multiple drug trafficking offenses and possession of a firearm following a felony conviction.  Doc. 399.  He was sentenced to life in prison (Doc. 453), which was affirmed by the Tenth Circuit Court of Appeals.  Doc. 526.  The court denied Williams's petition seeking relief under 28 U.S.C. § 2255 on December 14, 2012.  Doc. 565.

Under the District of Kansas Standing Order 18-4, the Federal Public Defender was appointed to represent indigent defendants and to determine whether the defendant may qualify for a reduced sentence under the First Step Act.  *See* No. 18-4, *In Re:  First Step Act of 2018* (Dec. 21, 2018), Application of Fair Sentencing Act (D. Kan. Jan. 2, 2019), http://ksd.uscourts.gov/index.php/local-rule/no-18-4-in-re-first-step-act-of-2018-dec-21-2018-application-of-fair-sentencing-act/.

On May 18, 2020, Mr. Williams filed his initial request for appointment of counsel, alleging a member of the Federal Public Defender's office had rendered ineffective assistance of counsel.  Doc. 695.  Then, on August 5, 2020, Mr. Williams sent the court a letter asking the court to appoint a specific attorney to represent him on a motion seeking a sentence reduction under the First Step Act.  Doc. 697 at 9.  The attorney he requests—Edward Fehlig—is the same attorney who was appointed to represent codefendant Terry McIntyre.[2]  *Id.*  On March 8, 2021, the court appointed Mr. Fehlig to represent Mr. Williams, effective March 3, 2021.  Doc. 707.

---

[2]       Mr. McIntyre was appointed counsel by another judge from our court (Doc. 677).

2

Separately, on January 4, 2021, Mr. Williams filed a Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A). The court first considers the requests about counsel before proceeding to his compassionate release motion.

## II.     Motion for Ineffective Assistance of Counsel and Motion to Appoint Counsel

### A.  Legal Standard

The United States Supreme Court has held that prisoners have no constitutional right to counsel in habeas proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (explaining that the "right to appointed counsel extends to the first appeal of right, and no further"). As a consequence, a prisoner "cannot claim constitutionally ineffective assistance of counsel in such proceedings." *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citing *Wainwright v. Torna*, 455 U.S. 586, 587–88 (1982)); *see also Wainwright*, 455 U.S. at 587–88 ("Since respondent had no constitutional right to counsel, he could not be deprived of the effective assistance of counsel[.]"); *see also Gentry v. Trippett*, 173 F.3d 855, 1999 WL 98577, at *2 (6th Cir. Jan. 27, 1999) (unpublished table opinion) ("A claim of ineffective assistance of counsel in a state or federal post-conviction proceeding can never establish cause because there is no constitutional right to counsel in post-conviction proceedings.").

### B.  Analysis

To the extent Mr. Williams's motion asserts an ineffective assistance of counsel claim against the Federal Public Defender, he cites no procedural vehicle that confers jurisdiction on the court to consider such a claim premised on ineffective assistance rendered in a post-conviction proceeding. "'Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]'" *United States v. James*, 728 F. App'x 818, 822 (10th Cir. 2018) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377

(1994)).  "After entry of final judgment, a district court has jurisdiction only to the extent permitted by statute or rule." *Id.*  Absent any authority conferring subject matter jurisdiction on this court to consider Mr. Williams's Motion for Ineffective Assistance of Counsel, the court must dismiss it.  *Id.* at 822–23; *see also United States v. Asakevich*, 810 F.3d 418, 421 (6th Cir. 2016) (affirming district court's dismissal of post-conviction motion where, among other reasons for the absence of jurisdiction, defendant "fails to identify any statute that would empower the district court to act").

Also, the government is correct that Mr. Williams has no constitutional right to counsel beyond a direct appeal.  *Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) ("There is no constitutional right to counsel beyond the direct appeal of a criminal conviction[.]").  And, because he has no constitutional right to counsel in this post-conviction matter, Mr. Williams may not assert ineffective assistance of counsel based on his attorney's performance representing Mr. Williams in his post-conviction claims.  *See Coleman*, 501 U.S. at 752 (explaining that a prisoner "cannot claim constitutionally ineffective assistance of counsel" based on legal representation rendered in a habeas proceeding).  So, the court dismisses Mr. Williams's Motion for Ineffective Assistance of Counsel.

But, as discussed, the court has elected to exercise its discretion to appoint new counsel to represent Mr. Williams under the provisions of the Criminal Justice Act, 18 U.S.C. § 3006A, and Standing Order 18-4.  Doc. 707.  So, his motion asking the court to appoint him new counsel to represent him in a post-conviction proceeding is moot.  The court thus dismisses that motion (Doc. 697).

4

### III.   Motion for Compassionate Release

#### A.  Legal Standard

As previously discussed, "'[f]ederal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute[.]'"  *United States v. James*, 728 F. App'x 818, 822 (10th Cir. 2018) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)).  "After entry of final judgment, a district court has jurisdiction only to the extent permitted by statute or rule."  *Id.*

Section 3582(c) of Title 18 of the United States Code announces a general rule that the "court may not modify a term of imprisonment once it has been imposed[.]"  But the statute also recognizes certain exceptions.  The sentencing court may modify its imposed sentence "upon motion of the defendant after [1] the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [2] the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]"  18 U.S.C. § 3582(c)(1)(A).

If this exhaustion requirement is fulfilled, then "a district court may reduce a sentence if, after considering any applicable sentencing factors in 18 U.S.C. § 3553, it finds 'extraordinary and compelling reasons warrant such a reduction' and the 'reduction is consistent with applicable policy statements issued by the Sentencing Commission.'"  *United States v. Haynes*, 827 F. App'x 892, 895 (10th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)).  "Unless the basis for resentencing falls within one of the specific categories authorized by section 3582(c), the district court lack[s] jurisdiction to consider [the defendant's] request."  *United States v. Poutre*, 834 F. App'x 473, 474 (10th Cir. 2021) (citation and internal quotation marks omitted); *see also United States v. Harris*, No. 15-40054-01-DDC, 2020 WL 7122430, at *1–2 (D. Kan. Dec. 4, 2020)

(discussing our Circuit's reading of § 3582(c) as jurisdictional).  "A defendant requesting compassionate release bears the burden of establishing that compassionate release is warranted under the statute."  *United States v. Avalos*, No. 13-20026, 2020 WL 5253406, *2 (D. Kan. Sept. 3, 2020) (citing *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016) (further citations omitted)).

### B.  Analysis

#### 1.  Exhaustion or Lapse under 18 U.S.C. § 3582(c)(1)(A)

An inmate seeking compassionate release under § 3582(c)(1)(A) must first "request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies."  *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020) (citations omitted); *see also* 18 U.S.C. § 3582(c)(1)(A).  The court may properly consider a defendant's motion under § 3582(c)(1)(A) filed after "the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility[.]"  18 U.S.C. § 3582(c)(1)(A).  "In other words, if a warden lets 30 days pass without responding to the inmate's request under § 3582(c)(1)(A), the inmate may proceed directly to file a motion with the court who imposed the prison term."  *Harris*, 2020 WL 7122430, at *2–3 (discussing competing readings of "the lapse of 30 days").

Though the government suggests that Mr. Williams appears to meet the statute's exhaustion requirement, *see* Doc. 704 at 6, the court carries an independent obligation to satisfy itself that subject matter jurisdiction exists, *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011).  And the court "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking."  *Penteco Corp. Ltd. P'ship v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991) (citation and internal quotation marks omitted).

Mr. Williams submitted his initial request to the warden on October 1, 2020.  Doc. 705 at

2.  The warden denied his request seven days later, on October 8, 2020.  *Id.* at 1.  The response

notified Mr. Williams of his appellate remedies.  *See id.* (explaining that an unsatisfied inmate

"may commence an appeal of this decision via the administrative remedy process . . . within 20

days . . . . ").  In his court filings, Mr. Williams alleges nothing about his efforts to pursue and

exhaust those administrative appellate remedies.  Instead, he asserts that he has exhausted his

administrative remedies, and he "can come directly to the court to request a reduction of his

sentence."  Doc. 701 at 4.

Mr. Williams's argument relies on a reading of § 3582(c)(1)(A)'s lapse requirement as

the mere passing of 30 days.  But, as the court previously has explained, "given recent caselaw

that has developed and clarified the issue, the court concludes that the better reading of §

3582(c)(1)(A)'s text is one that understands the statute to require 30 days to pass in silence,

rather than merely impose a waiting period."  *Harris*, 2020 WL 7122430, at *3; *see also United

States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) (Easterbrook, J.) ("[I]n 2018 the First Step

Act created a judicial power to grant compassionate release on a prisoner's own request,

provided that the prisoner first allowed the Bureau to review the request and make a

recommendation (or it let 30 days *pass in silence*)." (emphasis added)); *United States v. Brooker*,

976 F.3d 228, 236 (2d Cir. 2020) (Calabresi, J.) ("Congress allowed people seeking

compassionate release to avoid BOP if BOP rejects their motions or *fails to act on them* within a

short time period, only 30 days." (emphasis added)).  So, "if the warden responds to a request

within 30 days, defendant must fully exhaust available administrative appeals before filing a

motion in district court."  *United States v. Olsson*, No. 13-CR-2051 KWR, 2020 WL 6869979, at

*1 (D.N.M. Nov. 23, 2020); *see also Olsson*, 2020 WL 6869979, at *2 (concluding that the court

"is precluded from granting [defendant's] request for release" because defendant failed to fully exhaust all administrative rights to appeal after he "received an answer within thirty days by the warden").

Here, because (1) the warden denied Mr. Williams's request within 30 days, and (2) Mr. Williams alleges nothing about exhausting his administrative right to appeal the warden's decision, the court concludes that Mr. Williams has shown neither lapse nor exhaustion. Relief under § 3582(c)(1)(A) requires one or the other, and so, Mr. Williams fails to show that the statute authorizes relief. And since our Circuit's cases "require the movant to show that § 3582(c) authorizes relief for the court to have jurisdiction[,]" *Poutre*, 834 F. App'x at 474, the court concludes that it lacks subject matter jurisdiction to consider Mr. Williams's motion.

### 2. Whether Mr. Williams Shows Extraordinary and Compelling Reasons Exist

The court also finds that it lacks jurisdiction to consider Mr. Williams's motion for a second and independent reason. The government opposes Mr. Williams's motion because, it argues, Mr. Williams has not shown extraordinary and compelling circumstances warranting a sentence reduction exist in this case. Doc. 704 at 10–12. For the reasons explained below, the court agrees and therefore dismisses Mr. Williams's motion for lack of jurisdiction based on this second reason as well.

Section 3582(c)(1)(A)(i) allows a court to reduce a defendant's sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *See* 18 U.S.C. § 3582(c)(1)(A)(i).

Mr. Williams seeks compassionate release based on a change in the law defining "serious drug offense."  Doc. 701.  But compassionate release is not available based on change in sentencing law.  *United States v. Saldana*, 807 F. App'x 816, 820 (10th Cir. 2020) (unpublished) (explaining that "§ 3582(c), a jurisdictional statute, does not authorize a sentence reduction based on new case law" and observing that "neither the § 1B1.13 commentary nor BOP Program Statement 5050.50 identify post-sentencing developments in case law as an 'extraordinary and compelling reason' warranting a sentence reduction"); *United States v. Neubert*, No. 1:07-cr-00166-SEB-KPF, 2020 WL 1285624, at *7 (S.D. Ind. Mar. 17, 2020) ("[A] reduction under § 3582(c)(1)(A) is not warranted because the disparity between Mr. Neubert's actual sentence and the one he would receive if he committed his crimes today is not an 'extraordinary and compelling circumstance.'  Instead, it is what the plain language of § 403 [of the First Step Act] requires.").

Mr. Williams seeks compassionate release solely based on a change in the sentencing law.  He does not claim any medical, age-related, or any other potentially valid reason for seeking compassionate release under § 3582(c)(1)(A).  Mr. Williams's motion thus presents no "extraordinary or compelling reason" justifying a sentence reduction under § 3582(c)(1)(A)(i).  Therefore, the court dismisses Mr. Williams's Motion for Compassionate Release for lack of jurisdiction.

While Mr. Williams does not qualify for a sentence reduction under the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A), the court recognizes that his request for a sentence reduction might qualify under a different portion of the same statute.  Title 18 U.S.C. § 3582(c)(1)(B) provides:  "The court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute[.]"  18 U.S.C. § 3582(c)(1)(B).  And, the court

recognizes that the First Step Act authorizes courts to apply retroactively the revised guidelines of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372.  First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (providing in section 404(b) of the First Step Act of 2018 that a court "may . . . impose a reduced sentence as if sections 2 or 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.").  To the extent Mr. Williams intended to seek relief under this prong of the statute, the court has appointed Mr. Williams counsel to represent him in that effort.  Currently, the court expresses no opinion about the merits of such a claim.

## IV.    Conclusion

Mr. Williams has no constitutional right to counsel beyond direct appeal.  Therefore, he may not claim that his post-conviction efforts suffered from ineffective assistance of counsel.

The court also lacks jurisdiction over a motion for compassionate release under these circumstances for two reasons.  First, Mr. Williams hasn't shown that he has satisfied the lapse or exhaustion requirement.  Second, he has not shown that an extraordinary and compelling reason exists to grant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).  Mr. Williams bases his request on a change in the sentencing laws.  But a change in sentencing law is not a valid basis for compassionate release under § 3582(c)(1)(A).  The court thus lacks subject matter jurisdiction and must dismisses the motion accordingly.

**IT IS THEREFORE ORDERED BY THE COURT THAT** Mr. Williams's Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 701) is dismissed for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED BY THE COURT THAT** Mr. Williams's Motion for Ineffective Assistance of Counsel (Doc. 695) is dismissed.

**IT IS FURTHER ORDERED BY THE COURT THAT** Mr. Williams's Motion to

Appoint Counsel (Doc. 697) is denied as moot.

**IT IS SO ORDERED.**

**Dated this 19th day of March, 2021, at Kansas City, Kansas.**

<u>**s/ Daniel D. Crabtree**</u>
**Daniel D. Crabtree**
**United States District Judge**