IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 06-20047-01-DDC |
| JOHNNIE K. WILLIAMS, III (01), | |
| Defendant. | |

**MEMORANDUM AND ORDER**

Defendant Johnnie K. Williams has filed an Unopposed Motion to Reduce Sentence under § 404(b) of the First Step Act (Doc. 711). In 2009, a jury convicted him of several offenses, including conspiracy to distribute 50 grams or more of crack cocaine. Doc. 453. At that time, this offense triggered a penalty of 10 years to life imprisonment. *See* 21 U.S.C. § 841(b)(1)(A)(iii) (2006). But, the next year, the "Fair Sentencing Act increased the threshold quantity of crack cocaine required to trigger § 841(b)(1)(A)(iii) from 50 to 280 grams or more." *United States v. Crooks*, 997 F.3d 1273, 1278 (10th Cir. 2021). The First Step Act, passed eight years later, made those changes retroactive. *Id.* at 1275. As a result, a defendant—like Mr. Williams—who was "convicted of conspiracy to distribute 50 grams or more of crack cocaine" at a time when "the statutory penalty for [that] crime was 10 years to life imprisonment" is "eligible for resentencing under the First Step Act[.]" *Id.* at 1278.

Under the First Step Act, the court has discretion "to impose a reduced sentenced as if the Fair Sentencing Act were in effect at the time the covered offense was committed[.]" *Id.* (quotation cleaned up). The Supreme Court recently held that "the First Step Act [also] allows district courts to consider intervening changes of law or fact in exercising their discretion to

reduce a sentence pursuant to the First Step Act." *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022). But, the first step in deciding whether to reduce a sentence is to "calculate the Guidelines range as if the Fair Sentencing Act's amendments had been in place at the time of the offense." *Id.* at 2404 n.6 (explaining that a "district court cannot . . . recalculate a movant's benchmark Guidelines range in any way other than to reflect the retroactive application of the Fair Sentencing Act"). Only then may the court "consider postsentencing conduct or nonretroactive changes in selecting or rejecting an appropriate sentence, with the properly calculated Guidelines range as the benchmark." *Id.*; *see also id.* at 2403 (instructing that, whether a defendant would qualify for career offender enhancement is "relevant and probative information" that "help[s] inform whether to reduce sentences at all, and if so, by how much").

The court thus directs the Probation Office to calculate Mr. Williams's revised Guidelines range. Mindful of the Supreme Court's recent direction in *Concepcion*, the court specifically asks the Probation Office to "calculate [Mr. Williams's] Guidelines range as if the Fair Sentencing Act's amendments had been in place at the time of [his] offense." *Id.*

**IT IS SO ORDERED.**

**Dated this 26th day of July, 2022, at Kansas City, Kansas.**

**s/ Daniel D. Crabtree**
**Daniel D. Crabtree**
**United States District Judge**